to the last case that's o today, which is 21-84 C. Value Partners versus Tra Let's see, we have Mr Le who, and I understand you three minutes for rebutta That's correct. Judge. No good. Please proceed. Than the court. My name is Andre LLP and I represent White in this matter and a lende the appellee and counsel. a great intro and at the your flow. Could I ask yo this case is not moved? Ab and I will turn back to m case is not moved, your h In our view, there's no q was a breach of the contr Um, the defendant wasn't agree was cured. It was n has been remedied. It has it wasn't cured. And so t was a breach, which the d there was not. We believe to return to the district for the period of time at fact, what would be the d Did you sell this? These because during the period Uh, the notes had somehow in some way and you sold ought to have. We didn't this particular plaintiff were many people. Just te could possibly have been there are and I just don' I am curious what the the of any, what's the harm h honor that there was if t us that there was a breac august of 2020 that the t were taken in december of that breach remedied that there's no question that between those two points example, at a minimum, at is the bare minimum. Um, provide for payment of le for the uh, to the extent have been breached. That the quantum of damages th in connection with it. Bu also believe there are ot I think everybody acknowl disputed the value of the prices of these notes plu transactions were done an presumably back up. No, y cured. Well, let me just on that first thing. You provide for payment of le are breached. Correct. Yo provision? What can you p in the indenture? What pa that? Yes, your honor. I 11.05. Um, of the, of the that is not covered by yo your view, you're saying by the provisions that pr of default and and cure o not your honor. It is not actually 11.01. It can be can be cured in the sense us to a position or I sho mitigated the effects of contract. But it doesn't that they they breached t of 2020 when they issued all of the assets of the didn't there thereafter g they were required to do And so to the extent that is a breach and we conten we're entitled to at a mi in addition to that, we w are damages that flowed f your honor. It's also cr are they? What are they? to them three or four tim from the legal fees, I do honor. And as I said, the plummeted on the day that engaged in this transacti prices of these notes plu still owed the full amoun but the trading price of The trading price didn't before because they what engaged in a different tr didn't breach our indentu our indebtedness to other to the extent that there then I guess I'm trying t you're if it sounds like that the notes have not o has not returned to its e some other reason that do meaning they've engaged i is perfectly fine and you you can't get damages fro your honor that we couldn that. And of course, obvi have fluctuated in the va that this indebtedness fl gas prices as well. And w damages for that. What we they breached the contract and we understand the bre on the question of how on damages? What would be th Sure, your honor. I think damages. In addition to f damages for the decline a with our notes that we co caused by the breach of c into. And what's critical below contended that the this issue. Both parties should. But that sounded between the two parties t have this thing decided b get on to these other thi really take away our oblig the thing is moved. Maybe for you guys to have us d if you move, you don't ge What's critical. What's c is among the reasons that Trans Ocean asserted that decide this issue was so again, that they could, t and they could do it agai is if this court, that's into sort of a capable of review, sort of an argume it's a commercial transac it again, you can sue him your honor, we would, we the face of a decision by is fundamentally wrong as there existed a breach an persuasive authority in a get a different judge. Th to follow that rule. We b that as long as we have d that there's a, there is for a breach of contract there's any question, but breach of contract here. a decline in the value of temporal decline, even a at all to your claim of d as your, your, um, you ge that's owed to you. That' to under this contract. T assure you any market val obligations. So I'm still your damages are. Your ho We are entitled to that, we during the period of t we certainly again at a m doesn't guarantee you the suggesting to you that if of these obligations decl that's not a breach of th you don't get paid. Am I you're, you're not your h excuse the breach of the occurred. It doesn't, whe in a way that's compensabl have any rights to the va don't see where you do he your honor. I, I do. We n in front of Judge Daniels the damages for the breac But at a minimum, even if to simply say at a minimu to, um, to seek compensat the breach for the period occurred that at a minimu of live justiciable dispu resolve the fundamental l what was decided by the c or not there was a breach we don't think there's an there's a breach under th of the contract. Counsel, to the page in the joint there's so many of these which page has the relevan that we're talking about Um, yes, your honor. Judge what page was that? 288. yes, your honor. 28 append right before section 1102 costs and expenses incurr any rights. I was going t what rights there are, bu that's where it is. Yes, exactly where it is. Page your honor that the inden times in the appendix, bu one I was going to point And again, at a minimum t 11.03 was breached by tra minimum, the damages that below. If this court rever there was a breach would those damages provided fo the collection of costs a that's if you enforce rig back to the question of w other than the payment of which I gather was never not missed. But but we al 11.03 in the event that o transfers all are substan We have the right to be p by the recipient entity o and that that's exactly w That's a right granted to provision section. Paragr provided with that in ord you're paid. And so the f you with that doesn't cau you're not paid by the wh here. Um First tier folks here. That's what happens to give you the obligatio that's right. They have t your honor. But but impor do that. Therefore they b under that that section 1 and we sought to enforce that's that again, this t question of whether there only talks to the question would arise from that bre at a minimum. And I don't the court is suggesting t that we need to establish phase, what our damages w concluded. But it is rele it is relevant to mootnes I mean, I don't think we and just say, well, maybe their damages, maybe they I'm not suggesting your h suggesting that it wasn't I hope that I've addresse But I do and I'm at the p I took to us the question whether or not there is a straightforward question. that. I'm happy to do tha But I judge Nardini, I co not, it's not an irreleva I think there's no questi to the extent that the co that there is a breach of think is in our view is u there are, there's some m therefore the matter is n you get past that, that t I think the court does ha of Judge Daniel's decisio lacking. So I'm happy to the three minutes I saved uh, why don't we do that? ask if any of the other m would like to address any now, let's let's just ask Nardini, I'd like to ask on the merits by May coun I understand it, you agre below that the, um, compa to issue more debt. Am I your honor. Okay. And sec that that cannot exceed $2 I also, that's also corre correct. Your honor. Why what the parties were agr I, I do understand that a could, um, restructure in so much debt that the fir basically worthless. But to have agreed that that wouldn't be reached. Um, the greater debt exceeded is, why is that not a cor this? Sure. Your honor, t permissive provision allow incremental indebtedness It does not speak to how that or whether it's seni to our indebtedness. It d about that. So we could s that amount of debt that' Perry Passu or equal prio senior to us. It doesn't of priority. Only section to the issue that it it g words. Um, in this instan approximately a billion d um, in august of 2020 in, tier notes, guarantors th a violation of section 44 indenture. What what it d have done that in a way t consistent with the oblig 11.03 by issuing it eithe to us at the Transocean i not structurally senior t have done it even in the So long as they provided that they agreed to give issued superior debt corr the guarantee. That's the your concern. That's exac could have absolutely iss they couldn't do it in th If the assets were worth, going to just throw a fig $100 million and your debt and the other debt was 25 see that anybody gets exc are enough to cover both. here? Do we look for any was not the case here? Th that second debt was incur no longer left with adequ your honor. We don't, I d of the breach of contract required to provide us wi of what their value was. hit the nail on the head. nobody would have gotten if they issued an amount us that didn't actually a to recover or the percepc our ability to recover. A your honors generally kno with oil and gas prices a time and our clients belie that we sought redress be that we noticed the defau of our claim that they im to repay us. But that's t brought the lawsuit. But to establish for the purp whether there was a breac impaired us. Although we have done so if it was re or if they, if they defau to us, we certainly would arguments, but they weren violation of section 11.0 thank you very much. Thank you. Um, you reserved thre beyond your time. So you' minutes. So why don't we for the appellees? Mr. Ki your honor. Glenn Kurtz f on behalf of the appellee I do want, would you indu you just start with the q and whether this thing is honor. Those were good qu the best way for me to ad I think what were five mi made relating to your que The first is the notion t a default. There was an a under the terms of the in breach can mature into a not cured within the 90 d cured even though there w within that 90 day period did that because we were pandemic and there was so having an outstanding def that could have conceivabl defaults across the capit in the type of bankruptcy white box was advocating will know transaction nev everything is now recover terrifically. But there n Um, two, there's no claim there was an assertion ma to enforce 11.03. In fact brought for breaching con was a section 14 securitie was brought based on disc no breach contract claim fee provision addressed i with respect to guarantor we never got to a guarant obligation not only becau contract claim brought, b there was no guarantor ob breached. There was no gu to make a statement and t the claim they were making made a false statement by or false omission by not in the in the exchange of a violation of a successo was not true. Two was at and as a matter of law, t the disclosure laws to ma of statements. So there's in terms of damages. Othe correct about loss causat the notes traded down and means there's no damages. they were or moved once i and there was nothing to r there's no recoverable da theory as well. Um And la they, the argument was ma took the position that wa and that's why this was n true. The argument we made court for what was not mo was an outstanding notice that while we believed it and meritless outstanding notice of default. If any that point in time chose and you'll recall probabl were coming up at some po the pandemic, there was g to evade their revolvers facilities. And we did no not want to have any conce out there that there was would allow a lender to f at a time than it was mos the reason that we had pr can I just ask you point case moved? I think the c the extent that there's n for no case in controvers it was moot in the court the court below, we had t Ultimately, the court did notice. The court said to a default and that may ha the default notice. But i there was no injunction i to withdraw the default n was perfectly, I had, I h view that your client thou moot because your client the right to raise additi there was a danger if you you had done it before, w seem desirable, it might cause cross defaults, res which case you might be e relief so that you could it is you want to do. But your client is not intere it. So the more we look a here, right? I mean, your to be clear that the tran not be interested in taki rights it has under the i forward. My recollection about this because I was  wasn't moved. The first r there was an outstanding that they would not um wi white box, but it is with don't understand. It was There was an adjudication there was no breach and b no one's pursued it, but a communication from white the notice of default and took a position that this the matter. But we did as requiring the withdrawal that part of the applicat by Judge Daniels. Was it nature of your appeal? We don't have any. What do y your honor? We want you t as the appellee. But if w not going to do that. And work, Judge Jacobs, then for us is that this is di reversed and that has the in terms of terminating t I thought you were arguin It was not. We, I don't k when we made, here's, her about this. It doesn't re rights and interests at t of the cure. However, we to decide it. We had a re given the outstanding def also the then pending for And and to me it seems th as jurisdiction to resolv someone disagrees with th can file an appeal. The f as resolved would not cha and and obligations. The it move, which we recogni appealing the denial of y an injunction requiring y the notice of default? No Judge Jacobs. I don't kno the great vanishing litig I, I, I agree with you. I on behalf of Transocean s this appeal is moved. If I be also just to clarifi I want to make sure I'm n up here. It was your oppo dismissed but conditionall right? And so that is cor to reverse, then they wou to reinstate them. But I we'll get back to this in one of you would claim th presence of a side bet on legislation of this partic somehow render this appeal right? That's correct. Th at issue here are at issu this section 14 claim bec in an allegation that the disclosed a breach of a s plus. So it's not some su got resolved because it w feasible to pursue it. It same claim. It wasn't pur time because of the rush the default notice withdr stand and fall at the sam they're dismissed. That c before us or anybody else So maybe maybe with my re I can offer a couple of o I don't want to leave Jud unanswered on on the debt honor the debt basket is precisely the provision o a bespoke provision that whether you can prime um and how you do that struc as your honor pointed out would have been fine if i debt, but because it was didn't, it's still violat Do you want to respond to incorrect section 4.04812 and I actually wrote down It doesn't speak to how t meaning there's no limitat of law and the cases are area. Issuers, corporatio on any terms they want, s that are specifically neg in an indenture. Um the w on a senior basis is exac under 4.04812, which is t $2.4 billion, which is ap dollars in excess of the here at issue. So there's and a half in capacity le restriction as Mr LeBlanc where you put that debt. senior debt. Subordinated in a different section, w So reading for reading in subordination requirement that's not there. Not onl with uh with with common also would render the 404 and conflicted. So there up to 2.4. There's no con breached. It wasn't judge that because of the succe but it is an independent And I know my my time is a lot of time on mootness get out of just a few sent don't you? Because I think question on on the meat o you go ahead. That would I think the real fundamen on the appeal here is the as a new issue with a cle but that there has been s of consistent uniform jur you exactly what it takes obligor provision and conc there's been a transfer o all the assets. Yeah, but where somebody, you know, steel, they're trying to 49% of the assets, right? 51% they dispose of and t I just sold all of it. An didn't come on. You got t But here they transferred was more of a nominal sor they transferred them and and say, oh, and by the w if you transfer them to a lower tier guarantors, th to do. I guess it seems l clear flowchart here that right? And that's what I' we're supposed to say. We what it means. I mean, w Yeah, you're you're on th it's not just sharing and that Sharon was doing a p liquidation and maybe it now 40 years of jurisprud has confirmed that when y transfer at issue, you do basis. You don't do it in what Judge Laster said in or media Liberty Meadow. Subsequent to this became judge strine said in the I get it that in general, obligor provisions are re But the fact is some of t worded. I can't imagine y that no matter how one wo obligor provision, we must as being identical, right? No, what the position is, that matter, the operativ are substantially all in assets and that there is that looks at qualitative factors. That was, but it getting to that. That's t all right. But here it se not that it wasn't all, b a transfer. That's what i saying. You didn't really We didn't transfer. We di for the assets that that it wasn't that. So, so, s are mere holding companie is indirect interest in t The operating assets comp of the borrowing base. Th the introduction of a new that has no independent v assets prior to the time transaction, the balance guarantors was, was $20 b argument is that no matte the same companies ultima assets. And I get that. B is the particular languag I'm looking at, what is i specifically about what y of assets is going to an seems to me that you're a really matter if it's goi Look, it's all washed, yo same. But what happens wh language in an indenture the possibility of a tran And so this specifically it goes to an affiliate, the affiliate has to take on as a guarantor. I mean saying that even though t language that seems to in supposed to say, yeah, ye don't have to do that. Or world where are you saying other types of transactio might get it, but maybe t owned by current guaranto have to take it on. Is th if it was an affiliate, b owned. Right. So, so, so it's an alleged breach of 11 06 that to that if you above or to the side, so i out of your balance sheet your ability to repay the is subject to successor ob but the cases have been u wholly owned intermediate don't. That includes the includes the resident, th the appellate division in reason for that is becaus in Sharon Steel, you have purpose of the provision, some continuity of assets to maintain enough princi assets to service the dea operating assets, every s has been maintained. Ther saying that there's still view of the world that st for 11.06, which that's w that an affiliate could b it could be above. It wou take on the guarantee. Bu below, then there is no s in who's got the money. U if it goes to a third par affiliate or a parent aff no longer part of your ba you have to bring a guaran but but there is, I just this, this, the corporate the entire country has ve organizational charts that hold codes in order to ra there would be pretty, pr in those markets. If ther were no longer allowed to same language actually de that require stockholder to sell all of substantia Corporations on a day to and inject intermediate h purposes without ever to to a stockholder vote or something like that. The are substantially all tas gets picked up for mere i as opposed to something t the corporation would be change in the way this ha circuit in Sharon Steel w the need to have uniform because of the damage to and the inability to use to effectuate debt basket and negotiated to permit effectively write out the and and cause additional with respect to financings sort of an unprecedented set of stockholder votes puts into place these pas a pass through entity has don't dilute dollars by a put one pass through betw and the operating assets I guess the question then this is, I don't know if Why didn't the lower tier guarantee it sign on to t because because the new i hold codes issued structu of $925 million, well wit capacity. There was never for the notes. The point to have that debt senior. point was, and because we of your time, we've held one quick question. Reggie the purpose to have the n Why isn't the value of th to whether they were effe because now they're avail debt as opposed to the or if your honor started off there is a debt basket an section 4.04 and that de seniority up to $2.4 billi the introduction of an in in order to effectuate th It's also precise. It all 2.4 billion. But that say the securing assets have but but the first let me assets are are only are o claims within the debt ba don't have an ability to up to 2.4. In fact, the r transaction is prime them amount. It was just moved can't argue about that as was dissipated, dissipated way. The second answer to are entities with $20.4 b assets in those operating of 925,000 consistent wit under the debt basket is or or or substantially al of the assets that have b of the priority claims. T the record? Do we have th record? Yeah, let me 20.4 Yeah, it's it's in a bala and let me just see, I ac right before we started. uh, I can, um, I, I, I c court would permit it, bu I don't think there can b information. Why don't yo you just send us a letter to the record, you know, Okay, thank you very much you very much. Uh, we've time. So, but thank you v Mr LeBlanc. You've held t Thank you, Your Honor. Um me just first give the cou to the mootness issue. Um 1773 1773. That is the le and his firm arguing to t this wasn't moot. And it' Judge Jacobs, what you we is among other reasons th in the future, a similar doesn't really matter. Ri that you may say they're now, but they're litigati no bearing on our mootnes It doesn't, Your Honor. A I would point the court t want to address the issue but I'd point the court t parties urged the court b issue. The court decided think, but that again, th that both parties had a p an issue that was moot. T question of whether it wa I think what's critical t think that there are dama We do have, Your Honor, n dismissal of our securitie be re ripe again to the e agreed with us with respec let me let me talk about because two minutes, so w absolutely two minutes on honor. I think Mr Kurtz r of jurisprudence on this issue of what constitutes all. And I think Judge N the nail on the head in y respects. One is this is It doesn't exist in every in fact, there is a succe that is the boilerplate o 5.01 of this indenture. T in that it applies only t it applies pursuant to it 11.06. It applies specifi to affiliates. It draws n between transactions that the chain or down the cha that that Mr Kurtz is sug be read only to be limite that are upper lateral. T the language of this. And he's also wrong about 40 on the question that's be court because the issue t of jurisprudence address all of the assets constat it should be treated as a could avoid that quote on the Hollister decision th relied on here addresses says plainly in language quotes my using at the ar all. You don't need 40 ye to consider whether a tra all of the assets constat And so your honor, I thin was a breach of the contr should reverse the distri for further proceedings. you to both council. We v it. Uh we will reserve de we are also reserving dec motions that are on today we adjourn, I do want to the I. T. Staff here at t us to you live from new y all of you for tuning in as well. I'd also like to deputy Mr Rodriguez who h possible. So with that, I